## DUNCAN v. PONTON.

### No. 13491.

Court of Civil Appeals of Texas. Fort Worth.

Jan. 29, 1937.

Rehearing Denied March 12, 1937.

Rogers & Spurlock, of Fort Worth, for appellant.

Phillips, Trammell, Estes, Edwards & Orn and James B. Henderson, all of Fort Worth, for appellee.

SPEER, Justice.

This suit was originally instituted by the Quality Oil Corporation, a private corporation, against Dr. A. R. Ponton in the justice court, on a verified account for $111.89. Judgment was rendered for defendant, from which an appeal was prosecuted to the county court at law No. 2 of Tarrant county, Tex. Prior to the date of trial in the latter court, the corporation was liquidated and its assets and liabilities were taken over by Mrs. Blanche A. Duncan, and she was substituted as plaintiff in the case then pending, and prosecuted the suit at the time of its trial, on February 3, 1936.

The pleadings in the main were oral, but, in substance, plaintiff claimed defendant owed her for petroleum products sold to him by the agent of the corporation between March and September of 1934, as set out in the account sued on.

The defendant answered, denying that he owed the account, and pleaded that the Quality Oil Corporation had not sold him any merchandise but that one W. L. Briley, who was indebted to him for professional services, was operating a filling station in the city of Fort Worth, and had proposed to pay the defendant in merchandise, which proposition was accepted. That defendant believed Briley owned the merchandise and had a right to thus sell the same to him and take credit therefor on the account; that defendant had no notice or knowledge, actual or constructive, that the merchandise belonged to any one other than Briley. Defendant also pleaded an estoppel against the corporation, because at the time sales were made and the products delivered, Briley, the agent of the corporation, was in sole charge of the place of business where the sales took place, and there was nothing to put him, the defendant, on notice that it was the property of some one other than Briley.

The case was tried to the court without the intervention of a jury, resulting in a judgment that plaintiff take nothing and that defendant go hence without day and recover his costs.

The plaintiff below, appellant here, perfected this appeal in due form. Appellant states in her brief that she brings to this court only one question, that being, "the right of defendant (appellee here) to recover judgment under the circumstances."

Appellant's contention is based largely upon two propositions, which are in substance: (a) Briley, the manager of the corporation, while operating the filling station, could only perform the duties incidental to the business which fell within the apparent scope of his authority as such agent, and could not without the consent of the corporation deliver its merchandise in exchange for the liquidation of his private indebtedness; and (b) that even though one member of the board of directors of the corporation had authorized Briley to make the sales of the corporation's property to appellee in payment of a private and personal indebtedness, in the absence of knowledge by the directors of the corporation of such acts of the agent, and by a subsequent ratification in words or deeds thereof, the corporation would not be estopped to assert the lack of authority of the agent to make such contract with appellee.

The rights of appellant in this case are measured by those of the corporation, as they existed before she purchased the chose in action sued upon. Such rights as it had were acquired by appellant. It

follows that if appellee was liable to the corporation, he is likewise liable to appellant.

The record does not disclose when the corporation was formed, but it is shown to be some time prior to March, 1934, and it appears to have been dissolved in December, 1934, subsequent to the sale of the merchandise to appellee.

There were three directors during the time the sales to appellee were being made. They were O. G. Halliburton, appellant Blanche A. Duncan, and W. L. Briley. O. G. Halliburton was president, Mrs. Blanche A. Duncan was vice president, and W. L. Briley was manager. In fact, the named parties appear to be the only stockholders of the corporation, if indeed Briley was a stockholder. The record does not specifically state that he was a stockholder but does show he was a director.

■ It is fundamentally true that a corporation is controlled in its general management by its board of directors as provided by article 1327, Rev.Civ.Statutes. It is said in 10 Tex.Jur., p. 952, § 302: "The direction and control of corporate action is vested in the board, and this power is intended to be exercised by resolution of the majority of those present, at a regular meeting with a quorum in attendance."

W. L. Briley was the general manager of the corporation. He testified to this fact without contradiction; that as such manager his duties were to purchase and sell products, and to manage the company in certain business transactions, such as it was engaged in.

■ A general manager of a corporation may do anything, in connection with the operation of the business for which the corporation was created, the corporation itself could legally do, but this is confined, of course, to the purposes for which it is permitted, by its charter, to perform in the furtherance of such purposes.

■ It does not follow from what we have said that the manager, Briley, could dispose of the property of the corporation in exchange for something and take title in what he received, in his own name. The exchange by him of the property of the corporation to appellee for obligations owing by him to appellee is equivalent to his appropriating the property of the corporation to his own use and benefit, and this he clearly could not do.

■ It would require the order of the board of directors to authorize any person to thus dispose of the property of the corporation. It cannot be said that because Mrs. Duncan, while vice president and a member of the board of directors, assented to the selling of the merchandise of the corporation by Briley to appellee and taking credit therefor on Briley's personal obligation to appellee, the corporation, as such, authorized the acts of Briley. If the question of such authority to Briley had been before the board of directors for determination, it was a matter inuring to the benefit of Briley and he would not have been permitted to vote one way or the other. See Brooks v. Zorn (Tex.Civ.App.) 24 S.W.(2d) 742. There being only two other directors who would have a right to vote in the matter, the appellant's vote would not have been a majority, and it follows that her assent to Briley, independent of an action of the board of directors, could not be said to be authority from the corporation to thus dispose of its assets.

■ Appellee believed Briley owned the merchandise which was being delivered to him on the debt, but his belief in the matter would not control the fact that it, in truth, was not the property of Briley. If Briley had charged himself with the goods sold appellee, and thus obligated himself to account to the corporation, and the latter had, with knowledge of the facts, ratified such acts, a different question would be presented. But the books kept by Briley showed an open account against appellee, about which the president made inquiry of Briley, and the latter at no time disclosed to him the true status of the account, and assured the president of the corporation he could collect the account any time. It is clear from the record that Halliburton, the president, was ignorant of what was being done by Briley and never at any time ratified his acts.

We hold the sale of the petroleum products to appellee by Briley, in exchange for Briley's personal obligation, was illegal and void, and did not bind the corporation. It was entitled to compensation from appellee for the merchandise so purchased by him. The appellee is not hurt for the reason that Briley's debt is still unpaid, and he has his remedy therefor, the same as it stood before the transactions involved here.

The appellant purchased the rights of the corporation, and it follows that if the corporation could have recovered against appellee, she could do so after having purchased its rights.

 Appellee insists that the corporation was estopped to deny the validity of the sales by Briley, but from what we have said as to the knowledge of the facts had by the board of directors of the corporation, who would have had a right to pass on the matter, there was no estoppel as against it.

There is no controversy as to the amount of merchandise purchased by appellee nor as to its value. The account was one of the assets of the corporation and the appellant should be permitted to enforce its payment.

The judgment of the trial court is therefore reversed and judgment here rendered for appellant.